ADAM LE BERTHON (SBN 145226)
adam.leberthon@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 S. Flower Street, suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant and Counter-Claimant
WILSON SPORTING GOODS CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Easton Baseball/Softball Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Wilson Sporting Goods Co., <br><br> Defendant. | Case No. 2:15-cv-9221 R(GJSx) <br><br> **WILSON SPORTING GOODS CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL** |
| Wilson Sporting Goods Co., <br><br> Counter-Claimant, <br><br> v. <br><br> Easton Baseball/Softball, Inc., <br><br> Counter-Defendant. | |

NOW COMES Wilson Sporting Goods Co. ("Wilson"), by and through its counsel of record, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff Easton Baseball/Softball Inc. ("Easton"), and for its Counterclaims, avers, admits and denies as follows:

## AS TO THE PARTIES

1. Plaintiff Easton is a Delaware corporation, with its principal place of business located at 7855 Haskell Avenue, Suite 200, Van Nuys, California 91406.

**Answer**: Wilson admits the allegations of paragraph 1 of the Complaint.

2. Easton is a leading supplier of sports equipment, including baseball bats.

**Answer**: Wilson denies the allegations of paragraph 2 of the Complaint.

3. Upon information and belief, Defendant Wilson is a Delaware corporation, with its principal place of business located at 8750 W. Bryn Mawr Ave., Chicago, Illinois 60631. Wilson is registered to do business in California and has a designated registered agent in California for purposes of service of process.

**Answer**: Wilson admits the allegations of paragraph 3 of the Complaint.

4. Upon information and belief, Wilson makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including baseball bats.

**Answer**: Wilson admits the allegations of paragraph 4 of the Complaint.

## AS TO JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Answer**: Wilson denies the allegations of paragraph 5 of the Complaint.

6. This Court has personal jurisdiction over Wilson because Wilson engages in business within this district, and has placed infringing products into the stream of commerce by shipping products into this district (and/or knowing that the products would be shipped into this judicial district), and such infringing products have been sold and used in this district.

**Answer**: Wilson denies the allegations of paragraph 6 of the Complaint.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Wilson is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**Answer**: Wilson denies the allegations of paragraph 7 of the Complaint.

## AS TO COUNT I

### (Patent Infringement of U.S. Patent No. 8,480,519)

8. Easton repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**Answer**: Wilson hereby incorporates its admissions, denials and averments contained in paragraphs 1 through 7 hereof as though fully rewritten herein.

9. Easton is the owner by assignment of U.S. Patent No. 8,480,519, which was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on July 9, 2013, titled "Ball Bat with Governed Performance" ("the '519 patent"). A true and correct copy of the '519 patent is attached as Exhibit A and made a part hereof.

**Answer**: Wilson admits that the United States Patent Office issued U.S. Patent No. 8,480,519. Regarding the remaining allegations of paragraph 9, Wilson

lacks knowledge or information sufficient to form a belief about the truth of an allegation; therefore, Wilson denies the remaining allegations of paragraph 9.

10. Wilson has had knowledge of the '519 patent since at least as early as August 19, 2013. For example, the '519 patent was listed on Information Disclosure Statements submitted by Wilson to the USPTO on August 19, 2013 during the prosecution of U.S. Patent Application Ser. No. 13/938,785 and Ser. No. 13/938,830.

**Answer**: Wilson denies that it had specific knowledge of the scope of the '519 Patent since at least as early as August 19, 2013. Wilson admits that the '519 Patent was listed on an Information Disclosure Statement along with 89 other references pertaining to baseball bats.

11. Wilson has at no time been licensed under the '519 patent.

**Answer**: Wilson lacks knowledge or information sufficient to form a belief about the truth of an allegation; therefore, Wilson denies the allegations of paragraph 11.

12. Wilson has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '519 patent, in violation of 35 U.S.C. § 271 et seq., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '519 patent, including without limitation Vexxum model baseball bats including stiffening elements, as well as any other substantially similar baseball bats.

**Answer**: Wilson denies the allegations of paragraph 12 of the Complaint.

13. Wilson's infringement of the '519 patent has been and continues to be willful.

**Answer**: Wilson denies the allegations of paragraph 13 of the Complaint.

14. Easton has been injured and damaged by Wilson's infringement of the '519 patent. Wilson's infringement has caused, and will continue to cause, irreparable harm to Easton, for which Easton has no adequate remedies at law, unless and until enjoined by this Court.

**Answer**: Wilson denies the allegations of paragraph 14 of the Complaint.

## AS TO COUNT II
### (Patent Infringement of U.S. Patent No. 8,795,108)

15. Easton repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**Answer**: Wilson hereby incorporates its admissions, denials and averments contained in paragraphs 1 through 14 hereof as though fully rewritten herein.

16. Easton is the owner by assignment of U.S. Patent No. 8,795,108, which was duly and lawfully issued by the USPTO on August 5, 2014, titled "Ball Bat with Governed Performance" ("the '108 patent"). A true and correct copy of the '108 patent is attached as Exhibit B and made a part hereof.

**Answer**: Wilson admits that the United States Patent Office issued U.S. Patent No. 8,795,108. Regarding the remaining allegations of paragraph 16, Wilson lacks knowledge or information sufficient to form a belief about the truth of an allegation; therefore, Wilson denies the remaining allegations of paragraph 16.

17. Regarding the '108 patent, Easton has complied with the statutory notice provisions of 35 U.S.C. § 287.

**Answer**: Wilson lacks knowledge or information sufficient to form a belief about the truth of an allegation; therefore, Wilson denies the allegations of paragraph 17.

18. Wilson has had knowledge of the '108 patent at least as early as the date of the service of this Complaint.

**Answer**: Wilson denies the allegations of paragraph 18 of the Complaint.

19. Wilson has at no time been licensed under the '108 patent.

**Answer**: Wilson lacks knowledge or information sufficient to form a belief about the truth of an allegation; therefore, Wilson denies the allegations of paragraph 19.

20. Wilson has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '108 patent, in violation of 35 U.S.C. § 271 et seq., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '108 patent, including without limitation baseball bats in the CF6, CF7 and CF8 BBCOR and Voodoo BBCOR model lines, as well as any other substantially similar baseball bats.

**Answer**: Wilson denies the allegations of paragraph 20 of the Complaint.

21. Wilson's infringement of the '108 patent is willful.

**Answer**: Wilson denies the allegations of paragraph 21 of the Complaint.

2394906v.1

22. Wilson has been injured and damaged by Wilson's infringement of the '108 patent. Wilson's infringement has caused, and will continue to cause, irreparable harm to Easton, for which Easton has no adequate remedies at law, unless and until enjoined by this Court.

**Answer**: Wilson denies the allegations of paragraph 22 of the Complaint.

## AS TO EASTON'S PRAYER FOR RELIEF

Wilson denies that Easton is entitled to any of the relief prayed for in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint other than those specifically admitted herein, and without prejudice to Wilson's right to plead additional affirmative defenses or counterclaims as the facts of the matter develop and warrant, Wilson asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint fails to state a claim for increased damages pursuant to 35 U.S.C. § 284.

### Third Affirmative Defense

Wilson does not infringe and has not infringed, induced others to infringe, or contributed to infringement by others of any valid claim of the Asserted Patents.

### Fourth Affirmative Defense

The Asserted Patents are invalid for failure to comply with one or more provisions of the U.S. Patent laws, including 35 U.S.C. §§ 101, 102, 103, 112, 115, and/or 116.

### Fifth Affirmative Defense

The Complaint is barred in whole or in part by doctrines of laches and/or waiver and/or estoppel.

### Sixth Affirmative Defense

The Complaint is barred by acquiescence.

### Seventh Affirmative Defense

The Complaint is barred by unclean hands.

### Eighth Affirmative Defense

Plaintiff's infringement claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### Ninth Affirmative Defense

Plaintiff's infringement claims are barred, in whole or in part, by the operation of applicable statutes, including 35 U.S.C. §286 (time limitation on damages), and 35 U.S.C. §287 (past failure to mark the asserted patent on substantially all of Plaintiff's products which were covered by the Asserted Patents).

### Tenth Affirmative Defense

Plaintiff is not entitled to injunctive relief because any injury to plaintiff is not immediate or irreparable, and plaintiff has an adequate remedy (if any) at law.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

For its Counterclaims against Easton, Wilson demands a jury trial and alleges as follows:

1. Counterclaim Plaintiff Wilson is a Delaware corporation with its principal business offices located at 8750 W. Bryn Mawr Avenue, Chicago, Illinois.

2. Counterclaim Defendant Easton is a Delaware corporation, with its principal place of business located at 7855 Haskell Avenue, Suite 200, Van Nuys, California 91406.

## JURISDICTION

3. Wilson's counterclaims are directed to the invalidity of, and Wilson's non-infringement of, U.S. Patent Nos. 8,480,519 and 8,795,108. Accordingly, this Court has subject matter jurisdiction over Wilson's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, et seq.

4. Easton alleges in the present lawsuit that it owns all right, title and interest in and has standing to sue for infringement of the '519 and '108 patents.

5. Easton alleges in the present lawsuit that Wilson infringes the claims of the '519 and '108 patents.

6. Accordingly, a controversy between Wilson and Easton exists that is ripe for resolution, in which the parties hereto have standing. Further, the controversy is of such immediacy and reality to warrant the issuance of declaratory judgment.

## COUNTERCLAIM NO. 1
### (NON-INFRINGEMENT OF THE '519 PATENT)

7. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 6 above, as though fully set forth herein.

8. Wilson does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '519 Patent.

9. The Court should issue a declaration that Wilson does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '519 Patent, so that Wilson may ascertain its rights relevant to the '519 Patent.

## COUNTERCLAIM NO. 2
### (INVALIDITY OF THE '519 PATENT)

10. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 9 above, as though fully set forth herein.

11. The claims of the '519 Patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103 based on, among other things, prior art and prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued the '135 Patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

12. The Court should issue a declaration that the claims of the '519 Patent are invalid so that Wilson may ascertain its rights relevant to the '519 Patent.

## COUNTERCLAIM NO. 3
### (NON-INFRINGEMENT OF THE '108 PATENT)

13. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 12 above, as though fully set forth herein.

14. Wilson does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '108 Patent.

15. The Court should issue a declaration that Wilson does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '108 Patent, so that Wilson may ascertain its rights relevant to the '108 Patent.

## COUNTERCLAIM NO. 4
### (INVALIDITY OF THE '108 PATENT)

16. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 15 above, as though fully set forth herein.

17. The claims of the '108 Patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103 based on, among other things, prior art and prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued he '135 Patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

18. The Court should issue a declaration that the claims of the '108 Patent are invalid so that Wilson may ascertain its rights relevant to the '108 Patent.

## WILSON'S PRAYER FOR RELIEF

WHEREFORE, Wilson respectfully prays that the Court grant the following relief:

A. Entry of judgment in Wilson's favor on each and every count of Wilson's Complaint and Wilson's Counterclaims;

B. Entry of an Order directing that Wilson is not liable to Wilson for any damages pursuant to Wilson's Complaint;

C. Entry of a judicial declaration that Wilson has not infringed and is not infringing, either directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of U.S. Patent No. 8,480,519;

1   D. Entry of a judicial declaration that the claims of U.S. Patent No. 8,480,519 are invalid;

2   E. Entry of a judicial declaration that Wilson has not infringed and is not infringing, either directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of U.S. Patent No. 8,795,108;

3   F. Entry of a judicial declaration that the claims of U.S. Patent No. 8,795,108 are invalid; and

4   G. Such other and further relief that the Court deems just and appropriate.

DATED: January 27, 2016

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ Adam Le Berthon
ADAM LE BERTHON (SBN 145226)
adam.leberthon@wilsonelser.com
555 S. Flower Street, suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant
WILSON SPORTING GOODS CO.

12    2:15-cv-09221-R(GJSx)
WILSON SPORTING GOODS CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
2394906v.1

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Defendant and Counter-Claimant Wilson Sporting Goods Co. hereby demands a trial by jury of all claims and issues which may be tried to a jury.

Dated:  January 27, 2016

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ Adam Le Berthon
ADAM LE BERTHON (SBN 145226)
adam.leberthon@wilsonelser.com
555 S. Flower Street, suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101