Rodger K. Carreyn (Bar No. 210432)
rcarreyn@perkinscoie.com
Christopher G. Hanewicz (*pro hac vice*)
chanewicz@perkinscoie.com
Gabrielle E. Bina (*pro hac vice*)
gbina@perkinscoie.com
PERKINS COIE LLP
One East Main Street, Suite 201
Madison, WI 53711
Telephone: 608-663-7460
Facsimile: 608-663-7499

Michael J. Song (Bar No. 243675)
msong@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310-788-9900
Facsimile: 310-788-3399

*Attorneys for Plaintiff*,
Easton Baseball/Softball Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Easton Baseball/Softball Inc., <br><br> Plaintiff, <br><br> v. <br><br> Wilson Sporting Goods Co., <br><br> Defendant. <br><br> And Related Counterclaims | Case No. 2:15-cv-09221-R-GJS <br><br> **ANSWER TO DEFENDANT'S COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

## ANSWER TO COUNTERCLAIMS FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Easton Baseball/Softball Inc. ("Easton"), by and through its counsel of record, and for its Answer to the Counterclaims of Wilson Sporting Goods Co. ("Wilson"), states as set forth below. Except as expressly admitted herein, Easton denies the allegations of Wilson's Counterclaims.

1. Counterclaim Plaintiff Wilson is a Delaware corporation with its principal business offices located at 8750 W. Bryn Mawr Avenue, Chicago, Illinois.

**Answer:** Upon information and belief, Easton admits the allegations of Paragraph 1 of Wilson's Counterclaims.

2. Counterclaim Defendant Easton is a Delaware corporation, with its principal place of business located at 7855 Haskell Avenue, Suite 200, Van Nuys, California 91406.

**Answer:** Easton admits the allegations of Paragraph 2 of Wilson's Counterclaims.

## JURISDICTION

3. Wilson's counterclaims are directed to the invalidity of, and Wilson's non-infringement of, U.S. Patent Nos. 8,480,519 and 8,795,108. Accordingly, this Court has subject matter jurisdiction over Wilson's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, et seq.

**Answer:** Easton admits that Wilson's counterclaims are directed to the alleged invalidity of, and Wilson's alleged non-infringement of, U.S. Patent Nos. 8,480,519 ("the '519 patent") and 8,795,108 ("the '108 patent). Easton denies that the '519 patent or the '108 patent are invalid or not infringed by Wilson. Easton admits that this Court has subject matter jurisdiction over Wilson's counterclaims.

4. Easton alleges in the present lawsuit that it owns all right, title and interest in and has standing to sue for infringement of the '519 and '108 patents.

**Answer:** Easton admits the allegations of Paragraph 4 of Wilson's Counterclaims.

5. Easton alleges in the present lawsuit that Wilson infringes the claims of the '519 and '108 patents.

**Answer:** Easton admits the allegations of Paragraph 5 of Wilson's Counterclaims.

6. Accordingly, a controversy between Wilson and Easton exists that is ripe for resolution, in which the parties hereto have standing. Further, the controversy is of such immediacy and reality to warrant the issuance of declaratory judgment.

**Answer:** Paragraph 6 of Wilson's Counterclaims states a conclusion of law to which no answer is required. To the extent any response is necessary, Easton admits that there exists a controversy between Wilson and Easton that is ripe for resolution, and that the parties have standing. Easton otherwise denies the allegations of Paragraph 6 of Wilson's Counterclaims.

## COUNTERCLAIM NO. 1
### (NON-INFRINGEMENT OF THE '519 PATENT)

7. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 6 above, as though fully set forth herein.

**Answer:** Easton realleges and incorporates by reference its answers to counterclaim paragraphs 1 through 6 above, as though fully set forth herein.

8. Wilson does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '519 Patent.

**Answer:** Easton denies the allegations of Paragraph 8 of Wilson's Counterclaims.

9. The Court should issue a declaration that Wilson does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or

otherwise, any claim of the '519 Patent, so that Wilson may ascertain its rights relevant to the '519 Patent.

**Answer:** Easton denies the allegations of Paragraph 9 of Wilson's Counterclaims.

## COUNTERCLAIM NO. 2
### (INVALIDITY OF THE '519 PATENT)

10. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 9 above, as though fully set forth herein.

**Answer:** Easton realleges and incorporates by reference its answers to counterclaim paragraphs 1 through 9 above, as though fully set forth herein.

11. The claims of the '519 Patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103 based on, among other things, prior art and prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued the '135 [sic] Patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

**Answer:** Easton denies the allegations of Paragraph 11 of Wilson's Counterclaims.

12. The Court should issue a declaration that the claims of the '519 Patent are invalid so that Wilson may ascertain its rights relevant to the '519 Patent.

**Answer:** Easton denies the allegations of Paragraph 12 of Wilson's Counterclaims.

## COUNTERCLAIM NO. 3
### (NON-INFRINGEMENT OF THE '108 PATENT)

13. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 12 above, as though fully set forth herein.

**Answer:** Easton realleges and incorporates by reference its answers to counterclaim paragraphs 1 through 12 above, as though fully set forth herein.

14. Wilson does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '108 Patent.

**Answer:** Easton denies the allegations of Paragraph 14 of Wilson's Counterclaims.

15. The Court should issue a declaration that Wilson does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '108 Patent, so that Wilson may ascertain its rights relevant to the '108 Patent.

**Answer:** Easton denies the allegations of Paragraph 15 of Wilson's Counterclaims.

## COUNTERCLAIM NO. 4
### (INVALIDITY OF THE '108 PATENT)

16. Wilson realleges and incorporates by reference counterclaim paragraphs 1 through 15 above, as though fully set forth herein.

**Answer:** Easton realleges and incorporates by reference its answers to counterclaim paragraphs 1 through 15 above, as though fully set forth herein.

17. The claims of the '108 Patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103 based on, among other things, prior art and prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued he '135 [sic] Patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

**Answer:** Easton denies the allegations of Paragraph 17 of Wilson's Counterclaims.

18. The Court should issue a declaration that the claims of the '108 Patent are invalid so that Wilson may ascertain its rights relevant to the '108 Patent.

**Answer:** Easton denies the allegations of Paragraph 18 of Wilson's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Easton requests the following relief as to Wilson's Counterclaims:

A. Entry of Judgment in Easton's favor on each and every count of Wilson's Counterclaims;

B. Entry of Judgment that Wilson has infringed one or more claims of the '519 patent and the '108 patent;

B. Entry of Judgment that Wilson's infringement of one of more claims of the '519 patent and the '108 patent is willful;

C. Entry of Judgment that Wilson, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Wilson, be enjoined from infringement of the '519 patent and the '108 patent under 35 U.S.C. § 283;

D. An award of all damages adequate to compensate Easton for Wilson's infringement of the '519 patent and the '108 patent, with such damages trebled under 35 U.S.C. § 284 and awarded to Easton, with interest;

E. Entry of Judgment that this case be adjudged an exceptional case under 35 U.S.C. § 285, and Easton be awarded attorneys' fees, costs, and all expenses incurred in this action;

F. Such other and further relief as the Court deems just and proper.

DATED: February 22, 2016      **PERKINS COIE LLP**

By: */s/ Michael J. Song*
    Michael J. Song (Bar No. 243675)
    msong@perkinscoie.com

*Attorneys for Plaintiff*,
Easton Baseball/Softball Inc.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Easton demands a trial by jury on all issues triable by jury.

DATED: February 22, 2016

**PERKINS COIE LLP**

By: */s/ Michael J. Song*
    Michael J. Song (Bar No. 243675)
    msong@perkinscoie.com

*Attorneys for Plaintiff*,
Easton Baseball/Softball Inc.