(Counsel listed on signature page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Easton Baseball/Softball Inc., | Case No. 2:15-cv-09221-R-GJS |
| Plaintiff, | **STIPULATED** |
| | **PROTECTIVE ORDER** |
| v. | |
| Wilson Sporting Goods Co., | |
| Defendant. | |
| And Related Counterclaims | Hon. Manuel L. Real |

1       Pursuant to the Proposed Stipulated Protective Order filed by Plaintiff Easton

2 Baseball/Softball Inc. and Defendant Wilson Sporting Goods Co. (collectively, the

3 "Parties," or, each, a "Party"), the Court hereby enters this Protective Order (the

4 "Order") to protect confidential information and material that may be produced or

5 otherwise disclosed by the Parties or third parties during the course of discovery in

6 this case and in order to facilitate the exchange of information and documents that

7 may be subject to confidentiality limitations on disclosure due to federal laws, state

8 laws, and privacy rights.

9       IT IS HEREBY ORDERED that:

10     1.     No person subject to this Order may disclose information of any kind

11 produced or disclosed in the course of discovery or settlement discussions in this

12 action (hereinafter "Discovery Material") which a Party or its counsel has

13 designated as "Confidential" or "Confidential Attorneys Eyes Only" (hereinafter

14 "Confidential AEO") pursuant to this Order to anyone else except as this Order

15 expressly permits.

16     2.     The Party or person producing or disclosing Discovery Material

17 (hereinafter "Producing Party") or its counsel may designate as "Confidential" only

18 the portion of such material that it reasonably and in good faith believes consists of:

19     a)     previously non-disclosed financial information;

20     b)     previously non-disclosed material relating to ownership or control of

21             any non-public company;

22     c)     previously non-disclosed business plans, product development

23             information, or marketing plans;

24     d)     any information of a personal or intimate nature regarding any

25             individual;

26     e)     information related to previously non-disclosed and/or sensitive

27             information regarding suppliers, manufacturers, or other entities with

28             which either Party has business relations;

f)      any information that any Party reasonably and in good faith believes would give a direct competitor an unfair business advantage by virtue of disclosure of that information; or

g)      any other category of information this Court subsequently affords confidential status.

3.      A Producing Party or its counsel may designate as "Confidential AEO" only the portion of Discovery Material that it reasonably and in good faith believes consists of highly sensitive and/or commercially competitive Discovery Material, including but not limited to the types of information identified in subparagraphs 2(a)-(g) above.

4.      A Producing Party or its counsel may designate the confidential portion of any Discovery Material other than deposition transcripts and exhibits as "Confidential" or "Confidential AEO" by stamping or otherwise clearly marking as "Confidential" or "Confidential AEO" the protected portion in a manner that will not interfere with legibility or audibility.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential AEO Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential or Confidential AEO information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Confidential AEO" and will indicate "Information Subject to Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after receiving a transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential AEO," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or its counsel.  During the thirty (30) day period following the

Parties' receipt of transcripts of the deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential AEO."

6.     If at any time before the close of the discovery period in this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential AEO" some portion or portion(s) of Discovery Material that it previously produced, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Confidential AEO."  To the extent belatedly-designated "Confidential" or "Confidential AEO" Discovery Material was previously submitted in a filing or motion, the Party submitting the filing shall cooperate with the designating Party in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.  Nothing herein shall prevent a Party from challenging the propriety of the belated designation of the documents in accordance with paragraph 14 below.

7.     Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.  Without limiting the foregoing, the production of documents subject to work product protection, trade secret protection, the attorney-client privilege or other privilege or protection provided by law shall not constitute a waiver of the protection or privilege, provided that the Producing Party (or the Party holding the privilege or protection if produced by a third party, such as an outside law firm) promptly after learning of the production notifies the Party to whom the Discovery Material was produced (the "Receiving Party") in writing that it intends to assert privilege or other protection with regard to such production.  No Party to this action thereafter shall assert that such inadvertent disclosure alone waived any privilege or protection.  Absent court order or

1    agreement of the Parties to the contrary, no use shall be made of such documents

2    during deposition, at trial, or in any filing or motion, nor shall they be shown to

3    anyone who was not given access to them prior to the request to return or destroy

4    them.  Any Receiving Party will return or destroy such inadvertently produced

5    items and all copies within five (5) business days of receiving a written request

6    from the Producing Party for the return or destruction of such items and certify such

7    return or destruction in writing to the Producing Party.  The return of such items

8    shall not be construed as an agreement by the returning Party that the information is,

9    in fact, protected by any privilege or immunity.  Within seven (7) days of receiving

10   written confirmation from any Receiving Party, the Producing Party must serve a

11   supplemental privilege log covering the privileged or otherwise protected matter

12   produced.  The Receiving Party, having so returned the items, may thereafter seek

13   production of any such documents in accordance with the Federal Rules of Civil

14   Procedure (without asserting waiver based solely on their inadvertent production).

15   Nothing in this Order shall (i) prevent the Receiving Party from challenging the

16   propriety of the attorney-client privilege or other privilege or protection asserted by

17   submitting a written challenge to the Court in accordance with paragraph 13 below

18   or any other applicable rule or statute; or (ii) be construed to require the production

19   of any information, document, electronically stored information or thing that a

20   Party contends is protected from disclosure by any privilege or protection.  To the

21   extent applicable, Federal Rule of Evidence 502(d) shall apply.

22        8.    Where a Producing Party has designated Discovery Material as

23   "Confidential," other persons subject to this Order may disclose such information

24   only to the following persons:

25        a)    Up to two (2) designated employees of the Parties to this action, as

26              specified below:

27              For Plaintiff: Dewey Chauvin and Todd Harman

28              For Defendant:  Michael Keefe and Edward Vander Pol

b)   outside counsel who are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employed by a law firm that has appeared on behalf of that Party, as well as employees of such outside counsel to whom it is reasonably necessary to disclose information relating to this matter;

c)   outside vendors or service providers (such as copy service providers and document management consultants) that outside counsel hire and assign to this matter, provided such persons or entities have first been notified of this Order;

d)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Nondisclosure Agreement provided as Attachment A;

e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f)   any person a Party retains to serve as an expert witness or to otherwise provide specialized advice to counsel or a Party in connection with this action, provided such person has first executed the Nondisclosure Agreement provided as Attachment A and as to whom the procedures set forth in Paragraph 11 have been followed;

g)   stenographers engaged to transcribe depositions the Parties conduct in this action; and

h)   this Court, including any appellate court, its support personnel, and court reporters.

9.   Where a Producing Party has designated Discovery Material as "Confidential AEO," other persons subject to this Order may disclose such information only to the following persons:

a)   outside counsel who are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employed by

1            a law firm that has appeared on behalf of that Party, as well as

2            employees of such outside counsel to whom it is reasonably necessary

3            to disclose information relating to this matter;

4     b)   Designated in-house counsel as specified below:

5            For Plaintiff:  Sam Gasowski

6            For Defendant:  Ray Berens

7     c)   outside vendors or service providers (such as copy service providers

8            and document management consultants) that outside counsel hire and

9            assign to this matter, provided such persons or entities have first been

10           notified of this Order;

11    d)   any mediator or arbitrator that the Parties engage in this matter or that

12          this Court appoints, provided such person has first executed the

13          Nondisclosure Agreement provided as Attachment A;

14    e)   as to any document, its author, its addressee, and any other person

15          indicated on the face of the document as having received a copy;

16    f)   any person a Party retains to serve as an expert witness or to otherwise

17          provide specialized advice to counsel or a Party in connection with this

18          action, provided such person has first executed the Nondisclosure

19          Agreement provided as Attachment A and as to whom the procedures

20          set forth in Paragraph 11 have been followed;

21    g)   stenographers engaged to transcribe depositions the Parties conduct in

22          this action; and

23    h)   this Court, including any appellate court, its support personnel, and

24          court reporters.

25    10.   Before disclosing any "Confidential" or "Confidential AEO"

26  Discovery Material to any person referred to in subparagraphs 8(d), (f), or (g), or

27  9(b), (d),  (f) or (g), counsel must provide a copy of this Order to such person, who

28  must sign the Nondisclosure Agreement provided herewith as Attachment "A"

1   stating that he or she has read this Order and agrees to be bound by its terms.  Said

2   counsel must retain each signed Nondisclosure Agreement, and produce it to

3   opposing counsel upon request.

4   　　　　11.　　Before disclosing any "Confidential" or "Confidential AEO"

5   Discovery Material to any person referred to in subparagraphs 8(f), or 9(e), counsel

6   must identify in writing each such person to opposing counsel, including the

7   following information: (i) full name, address of primary residence, and place of

8   employment; (ii) a current curriculum vitae or résumé; (iii) any previous or current

9   relationship (direct or indirect) with any of the Parties; (iv) each person or entity by

10   whom the person has been employed, from whom the person has received

11   compensation or funding for work in his or her areas of expertise, or to whom the

12   person has provided professional services, including in connection with a litigation,

13   at any time during the preceding four years; and (v) a description (by name and

14   number of case, filing date, location of court, and party affiliation) of any litigation

15   in which the person has testified at a deposition, trial, or other proceeding within

16   the last four years.  The Producing Party shall have seven (7) calendar days from

17   receipt of such notice to object in writing to disclosure of "Confidential" or

18   "Confidential AEO" Discovery Material to any person so identified.  The objection

19   shall identify with particularity the reasons for the objection and the risk of harm

20   that the disclosure would entail, and suggest any additional means that could be

21   used to reduce that risk.  If no written objection is made to such person receiving

22   "Confidential" or "Confidential AEO" Discovery Material within such seven-day

23   period, then such material may be disclosed to such person.  If a written objection is

24   made, and if the Parties cannot reach agreement promptly, counsel for all affected

25   Parties will address their dispute to this Court pursuant to the procedure set forth in

26   Central District of California Local Rule 37.  Where a written objection has been

27   made pursuant to this Paragraph, disclosure of "Confidential" or "Confidential

28   AEO" Discovery Material to the person shall not be made except by order of the

1   Court (or as otherwise agreed to by the Parties).

2        12.    If the Parties desire to file "Confidential" or "Confidential AEO"

3   Discovery Material with this Court, or any portions of any pleadings, motions, or

4   other papers that disclose such "Confidential" or "Confidential AEO" Discovery

5   Material ("Confidential Court Submission"), the Parties shall follow the procedures

6   required by Central District of California Local Rule 79-5, effective December 1,

7   2015, to request permission to file Confidential Court Submissions under seal, and

8   to effect service of the same.

9        13.    Any Party who objects to any designation of confidentiality may at any

10  time within the discovery period established by the District Judge to which this

11  action is assigned, serve upon counsel for the Producing Party a written notice

12  stating with particularity the grounds of the objection.  If the Parties cannot reach

13  agreement promptly, counsel for all affected Parties will address their dispute to

14  this Court pursuant to the procedure set forth in Central District of California Local

15  Rule 37.

16       14.    Recipients of "Confidential" or "Confidential AEO" Discovery

17  Material under this Order may use such material solely for the prosecution and

18  defense of this action and any appeals thereto, and for the purpose of assessing

19  settlement of this action, and not for any business, commercial, or competitive

20  purpose or in any other litigation proceeding.  Nothing contained in this Order,

21  however, will affect or restrict the rights of any Party with respect to its own

22  documents or information produced in this action.

23       15.    Nothing in this Order will prevent any Party from producing any

24  "Confidential" or "Confidential AEO" Discovery Material in its possession in

25  response to a lawful subpoena or other compulsory process, or if required to

26  produce it by law or by any government agency having jurisdiction, provided that

27  such Party gives written notice to the Producing Party as soon as reasonably

28  possible, and if permitted by the time allowed under the request, at least ten (10)

1    days before any disclosure.  Upon receiving such notice, the Producing Party will

2    bear the burden to oppose compliance with the subpoena, other compulsory process,

3    or other legal notice if the Producing Party deems it appropriate to do so.

4         16.    Each person who has access to Discovery Material designated as

5    "Confidential" or "Confidential AEO" pursuant to this Order must take all due

6    precautions to prevent the unauthorized or inadvertent disclosure of such material.

7         17.    The Parties agree that privileged or protected communications

8    occurring on or after November 30, 2015 presumptively need not be recorded on

9    the Party's privilege log.  However, the Parties reserve the right, upon a showing of

10   good cause, to request that certain categories of such communications be logged,

11   and any such request shall not be unreasonably denied.

12        18.    Within sixty (60) days of the final disposition of this action—including

13   all appeals—all recipients of "Confidential" or "Confidential AEO" Discovery

14   Material must either return the material—including all copies thereof—to the

15   Producing Party, or destroy such material—including all copies thereof.  In either

16   event, by the sixty (60) day deadline, the recipient must certify its return or

17   destruction by submitting a written certification to the Producing Party that affirms

18   that it has not retained any copies, abstracts, compilations, summaries, or other

19   forms of reproducing or capturing any of the "Confidential" or "Confidential AEO"

20   Discovery Material.  Notwithstanding this provision, the outside counsel that the

21   Parties have specifically retained for this action and who have made an appearance

22   in this action may retain an archival copy of all pleadings, motion papers,

23   transcripts, expert reports, legal memoranda, correspondence, or attorney work

24   product, even if such materials contain "Confidential" or "Confidential AEO"

25   Discovery Material.  Any such archival copies that contain or constitute

26   "Confidential" or "Confidential AEO" Discovery Material remain subject to this

27   Order.

28        19.    The Parties agree and acknowledge that the terms of this Order will

1  continue throughout trial of this matter and shall survive the termination of the

2  litigation.

3        20.    The Parties acknowledge that any disclosure or exchange of

4  "Confidential" or "Confidential AEO" Discovery Material that has occurred prior

5  to the date of entry of this Order is subject to this Agreement.

6        21.    This Court will retain jurisdiction over all persons subject to this Order

7  to the extent necessary to enforce any obligations arising hereunder or to impose

8  sanctions for any contempt thereof.

9  **IT IS SO STIPULATED THOUGH COUNSEL OF RECORD.**

10  DATED:  April 25, 2016            **PERKINS COIE LLP**

11                                   By: */s/ Rodger K. Carreyn*
                                         Rodger K. Carreyn (Bar No. 210432)
12                                       rcarreyn@perkinscoie.com

13                                   Rodger K. Carreyn (Bar No. 210432)
                                     rcarreyn@perkinscoie.com
14                                   Christopher G. Hanewicz (*pro hac vice*)
15                                   chanewicz@perkinscoie.com
                                     Gabrielle E. Bina (*pro hac vice*)
16                                   gbina@perkinscoie.com
17                                   PERKINS COIE LLP
                                     One East Main Street, Suite 201
18                                   Madison, WI 53711
19                                   Telephone:  608-663-7460
                                     Facsimile:  608-663-7499
20                                   Michael J. Song (Bar No. 243675)
21                                   msong@perkinscoie.com
                                     PERKINS COIE LLP
22                                   1888 Century Park East, Suite 1700
23                                   Los Angeles, CA 90067-1721
                                     Telephone:  310-788-9900
24                                   Fascisimile: 310-788-3399
25                                   Attorneys for Plaintiff and Counter-Defendant,
                                     Easton Baseball/Softball Inc.
26

27

28

1  DATED:  April 25, 2016           **KEY AND ASSOCIATES**

2                                   By: */s/ Jeffrey A. Key (with permission)*

3                                       Jeffrey A. Key (*pro hac vice*)
                                        jakey@key-and-associates.com

4                                   Jeffery A Key (*pro hac vice*)
                                    jakey@key-and-associates.com
5                                   Key and Associates
                                    321 North Clark Street Suite 500
6                                   Chicago, IL 60654
                                    Telephone:  312-560-2148
7                                   Facsimile:  312-957-1236

8                                   Bradley T. Fox (*pro hac vice*)
                                    brad@foxgroupllc.com
9                                   Fox Law Group LLC
                                    528C Main Avenue
10                                  Durango, CO 81301
                                    Telephone:  970-317-3580
11                                  Facsimile:  866-348-4107

12                                  Adam Le Berthon (Bar No. 145226)
                                    Adam.LeBerthon@wilsonelser.com
13                                  Wilson Elser Moskowitz Edelman and Dicker
                                    LLP
14                                  555 South Flower Street Suite 2900
                                    Los Angeles, CA 90071
15                                  Telephone:  213-443-5100
                                    Facsimile:  213-443-5101
16
                                    Attorneys for Defendant and Counter-Plaintiff,
17                                  Wilson Sporting Goods Co.

18  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

19

20   **Dated: April 29, 2016**

21

22

23

24

25                                  **Honorable Manuel L. Real**

26                                  **United States District Judge**

27

28

11

**Attachment "A"**

**NONDISCLOSURE AGREEMENT**

I, _____, state that:

1.     My address is

_____

2.     My present employer is

_____

3.     My present occupation or job description is

_____

4.     I have received a copy of the Protective Order (the "Order") entered in the case of *Easton Baseball/Softball Inc. v. Wilson Sporting Goods Co.*, United States District Court – Central District of California Case No. 2:15-cv-09221.

5.     I have read and understand the Order. I hereby agree to comply with all of the terms of the Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY."

6.     I hereby expressly covenant that I will only use the documents, things, or information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" in connection with the above-referenced litigation and that I will not use such documents, things, or information for any other purpose. Further, I expressly covenant that I will not use such documents, things, or information for the benefit of myself or any other person or entity.

7.     Within sixty (60) days of notice by any Party that this litigation is over, or that my involvement is no longer deemed necessary, I expressly covenant that I will return or destroy all information and materials provided to me with the designation of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY." I will also provide a Declaration, submitted under penalty of perjury, which identifies by Bates Number, the information and materials that I am returning

1    or destroying.

2        8.    I hereby consent to the jurisdiction of the United States District Court

3    – Central District of California for the purpose of enforcing the Order and this

4    agreement to be bound thereby.

5

6    Dated: _____        _____

7                                                      Signature

8

9

10                                                   _____

11                                                   Print Name

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28